IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELA NAILS,

          Plaintiff,

v.                                                       Case No. 14-CV-2636-CM-TJJ

KANSAS CITY PUBLIC LIBRARY,
et al.,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff, proceeding *pro se* filed this action alleging civil rights and due process violations under 28 U.S.C. § 1343 and Title 42 of the United States Code against the Kansas City Public Library, David Hanson, Carol Levers, and Public Library Security Officers.[1] This action appears to stem from the revocation of Plaintiff's library privileges after using her cellular phone to make calls in the library's computer lab and attempting to sell clothing to another library patron.[2] This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent her in this case. For the reasons set forth below, Plaintiff's Motion for Appointment of Counsel is denied.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[3]

---

[1] Compl. at 2–3, ECF No. 1.

[2] *Id.* at 7–8.

[3] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

1

Instead, courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[4]  Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel."  The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[5]  In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including:  (1) the merits of the litigant's claims, (2) the nature and complexity of the factual and legal issues raised in the claims, and (3) the litigant's ability to investigate the facts and present the claims.[6]  The party seeking appointed counsel has the burden to "convince the court" that the asserted claims have sufficient merit to warrant counsel's appointment.[7]

After reviewing the Complaint, Motion for Appointment of Counsel, and the above factors, the Court finds that Plaintiff's request to appoint counsel should be denied.  In reaching its decision, the Court emphasizes the first factor in § 1915(e)(1)—the merits of the litigant's claims.  Here, Plaintiff's claims are not meritorious because she fails to state a claim upon which relief may be granted.

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and a "formulaic recitation of the elements of a cause of

---

[4] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[5] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[6] *Cox v. LNU*, 924 F. Supp. 2d 1269, 1280-81 (D. Kan. 2013).

[7] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal citation omitted).

action."[8]  "Factual allegations must be enough to raise a right to relief above the speculative level."[9]  Because Plaintiff proceeds pro se, her pleadings are liberally construed.[10]  Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[11]

Plaintiff has failed to allege specific facts upon which a recognized legal claim can be based. Plaintiff appears to admit to being warned about using her phone in the library computer lab and admits to making the solicitation to buy clothes.[12] Plaintiff also admits that these were violations of library policy.[13] Plaintiff was given the opportunity to appeal the library's decision to revoke her privileges and was notified via letter of the appeal timeline.[14] Plaintiff merely complains that "[t]he rule could have been posted on the board w[h]ere other information is posted to be read.[15] In light of the above facts, it is unclear on the face of the Complaint how such an allegation rises to the level of a civil rights or due process violation.[16] Therefore, none of

---

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Id.*

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id*.

[12] Compl. at 7–8, ECF No. 1.

[13] *Id.*

[14] *Id.* at 7.

[15] *Id.* at 8.

[16] A procedural due process claim requires the allegation of two elements: (1) the interference with a recognized liberty or property interest; and (2) constitutionally insufficient procedures being used to deprive the Plaintiff of that interest. *Andrade v. Christ*, No. 08-cv-01649-WYD-KMT, 2009 U.S. Dist. LEXIS 78505, at *11 (D. Colo. Sept. 1, 2009). Unless a fundamental right is implicated, a claim for violation of substantive due process also requires the allegation of two

the above even rises to the level of a "formulaic recitation of the elements of a cause action" and certainly cannot be said to "raise a right to relief above the speculative level."[17] Therefore, in light of Plaintiff's failure to meet the basic Rule 8(a)(2) pleading standard, Plaintiff has failed to state a claim upon which relief may be granted.

Moreover, the remaining factors also weigh against granting the motion. While vague, the Complaint does not suggest that this case involves complicated legal or factual issues. The facts relating to revocation of library privileges for violation of library policy are straightforward and uncomplicated. With sufficient preparation, Plaintiff would be able to adequately represent herself in this case.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Appoint Counsel (ECF No. 4) is denied.

Dated in Kansas City, Kansas, on this 21st day of January, 2015.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge

---

elements: (1) interference with a recognized liberty or property interest; and (2) deprivation of that interest in a way that is "arbitrary, capricious, or without a rational basis." *See Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998). Plaintiff does not allege that she had a liberty or property interest in her library privileges. Nor does she allege that there were procedural problems with the revocation of her library privilege. Nor that the deprivation was arbitrary and capricious. On the contrary, Plaintiff acknowledges and explains the reasons her privileges were taken away, but merely disagrees that her actions were sufficient to justify the revocation.

[17] *Twombly*, 550 U.S. at 555.