**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANGELA NAILS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-2636-CM |
| ) | |
| **KANSAS CITY PUBLIC LIBRARY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Angela Nails filed this action pro se against the Kansas City Public Library (the "Library"), David Hanson, Carol Levers, and "public library security officers," alleging that her civil and due process rights were violated. (Doc. 1.) Plaintiff moved to proceed in forma pauperis, which Magistrate Judge Teresa J. James granted. (Doc. 5 at 2.) Magistrate Judge James also ordered plaintiff to show good cause why this action should not be dismissed for failure to state a claim upon which relief can be granted. (*Id.* at 3.) Plaintiff filed a response ("Response") (Doc. 8), which the court considers, along with her originally filed Complaint. (Doc. 1.)

**I.    Legal Standards**

The court is required to dismiss an in forma pauperis case if it determines the action fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Rainey v. Bruce*, 74 F. App'x 8, 9 (10th Cir. 2003). Rule 8(a) requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The purpose of this rule is to give the opposing party "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007). To satisfy this obligation, the pleader must include factual allegations that "state a claim to relief that is plausible on its face." *Id.* at 570. To make this showing, the pleader must allege "factual content that allows the court to draw

-1-

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

As noted, plaintiff appears pro se. Pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a district court should not assume the role of advocate and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("The court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Moreover, even pro se plaintiffs are required to comply with the fundamental requirements of the Federal Rules of Civil Procedure and substantive law. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

**II.     Analysis**

Plaintiff's claims involve the revocation of her library privileges after purportedly using her cellular phone to make calls in the library's computer lab and attempting to sell clothing to another library patron. (Doc. 1 at 7–8.) Plaintiff's Complaint and her Response contain conflicting information, though. In her Complaint, plaintiff appears to admit to being warned about using her phone in the library computer lab, but in her Response, plaintiff claims she was not warned. Also in her Complaint, plaintiff appears to admit to asking another patron one time to purchase clothing, but in her Response, plaintiff asserts that she "was not solicitation [sic] to buy clothing or selling clothing in the library." Plaintiff alleges in her Complaint that she appealed the Library's decision to revoke her privilege, yet she claims in her Response she was not given the opportunity to appeal the decision.

Given the liberal reading the court must afford plaintiff's filings, the court cannot say as a matter of law that plaintiff has failed to state a claim. When government action deprives a person of life, liberty, or property without fair procedures, it violates procedural due process. *See United States v. Salerno*, 481 U.S. 739, 747 (1987). However, procedural due process is only available to plaintiffs that establish the existence of a recognized property or liberty interest. *Stidham v. Peace Officer Standards And Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (citing *Setliff v. Mem'l Hosp.*, 850 F.2d 1384, 1394 (10th Cir. 1988) and *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972)). Plaintiff has not expressly articulated a protected liberty or property interest in her right to use the public library.

However, in *Neinast v. Bd. of Trustees of Columbus Metro. Library*, a plaintiff claimed that his rights were violated when he was evicted from a public library for violating the policy requiring shoes. 346 F.3d 585, 591 (6th Cir. 2003). The Sixth Circuit determined that the First Amendment protects the right to receive information and that "[t]his right to receive information 'includes the right to some level of access to a public library, the quintessential locus of the receipt of information.'" *Id.* (quoting *Kreimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242, 1255 (3d Cir. 1992) and citing *Minarcini v. Strongsville City Sch. Dist.*, 541 F.2d 577, 582 (6th Cir. 1976) ("A library is a mighty resource in the free marketplace of ideas."); *Armstrong v. Dist. of Columbia Pub. Library*, 154 F. Supp. 2d 67, 75 (D.D.C. 2001) (noting the existence of "long-standing precedent supporting plaintiff's First Amendment right to receive information and ideas, and this right's nexus with access to public libraries")). The Sixth Circuit ultimately found that the no-barefoot regulation was content-neutral and did not directly impact the plaintiff's right to receive information; accordingly, the Sixth Circuit utilized a rational basis test, finding that the regulation was a rational means to further the legitimate governmental interests of "protecting public health and safety and protecting the Library's

economic well-being by seeking to prevent tort claims brought by library patrons who were injured because they were barefoot." *Id.* at 592.

In addition to a protectable interest under the First Amendment, plaintiff may have a liberty interest in her right to use the library under Kan. Stat. Ann. § 12-1227.[1] *See, e.g.*, *Hill v. Derrick*, No. 4:05CV1229, 2006 WL 1620226, at *7–8 (M.D. Pa. June 8, 2006), *aff'd*, 240 F. App'x 935 (3d Cir. 2007) (holding that Pennsylvania law created protectable liberty interest in patrons' right to library access).  Section 12-1227 requires that the library be "free to the use of the inhabitants of the municipality in which located," and that those inhabitants can lose this benefit if they violate "reasonable rules and regulations" adopted by the library's board.

In this case, defendants have not answered or otherwise responded to plaintiff's claims, so the court has not seen the Library's policies on cellular phone use and solicitation of other patrons. Moreover, plaintiff alleges that the Library violated its own policies,[2] yet the court is unclear as to whether plaintiff is alleging that the Library's failure to post warning notices about cellular phone use and solicitation is a violation of the Library's own policies, whether the manner in which she was notified of her appeal rights violated Library policy, or whether she in fact did not violate the Library's policies on cell phone use and solicitation.   Given the liberal standard by which this court must view plaintiff's allegations, the court cannot say as a matter of law that the Library's policies pass constitutional muster or that the Library followed its own policies in permanently evicting plaintiff from the Library.

---

[1] Kan. Stat. Ann. § 12-1227 provides:  "Every library established under, or governed by the provisions of this act shall be free to the use of the inhabitants of the municipality in which located, subject always to such reasonable rules and regulations as the library board may adopt, and said board may exclude from the use of said library any and all persons who shall willfully violate such rules. The library board may extend the use and privilege of such library to nonresidents of the municipality and may make exchanges of books with any other library upon such terms and conditions as said board may from time to time by its regulations prescribe."
[2] Doc. 8 at 1.

Given these uncertainties at this stage in the litigation, the court declines to dismiss plaintiff's case. However, the court believes that defendants should be required to answer or otherwise respond to plaintiff's allegations only after she has amended her complaint. In amending her complaint, plaintiff should be clear in explaining the facts leading up to her removal from the Library, including whether she was permitted to appeal the Library's decision, and what policies she believes the Library violated. In signing an amended complaint, plaintiff should be cognizant of her duties of candor to the court under Federal Rule of Civil Procedure 11.

**IT IS THEREFORE ORDERED** that plaintiff shall have fourteen days from the date upon which she receives this order to file an amended complaint.

Dated this 4th day of May, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**